[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16131
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00145-CR-F-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ALLEN HUGHES,
a.k.a. Michael Lee Smith,
a.k.a. Dennis Corey Williams,
a.k.a. David Lee Turner,
a.k.a. Steven Doyal Walker,
a.k.a. Michael Alan Hughes,
a.k.a. Donnie Lee Turner,
a.k.a. Michael A. Hughs,
a.k.a. Kyle Lee Calloway,
a.k.a. Michael A. Murphy,
a.k.a. Donald Lee Turner,
a.k.a. Anthony Lee Williams,
a.k.a. Anthony Corey Smith,
a.k.a. Mark Lee Turner,
a.k.a. Dennis Corey Walker,
a.k.a. Daniel Alan Walker,
a.k.a. Danny Lee Walker,
a.k.a. Alfred Leon Strickland,
a.k.a. George Randall Hughes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 9, 2010)

Before EDMONDSON, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Michael Allen Hughes appeals his 84-month total sentence imposed for

(1) uttering forged and counterfeit securities (Count 1), in violation of 18 U.S.C.

§ 513(a), (2) possessing counterfeiting implements (Count 2), in violation of 18

U.S.C. § 513(b), and (3) possessing five or more false identification documents

with intent to unlawfully use (Count 3), in violation of 18 U.S.C. § 1028(a)(3) and

(b)(2)(B).  On appeal, Hughes argues that his sentence is substantively unreasonable

due to the extent of the district court's upward variance from his guideline range of

24 to 30 months' imprisonment.

We review the sentence imposed by the district court for reasonableness.

*United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008).  The Supreme

Court has clarified that the reasonableness standard means review for abuse of

discretion.  *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d

445 (2007). "[T]he burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence." *Williams*, 526 F.3d at 1322.

First, Hughes does not challenge the procedural reasonableness of his total sentence and has waived any claim in this respect. Second, his sentence is substantively reasonable because (a) the district court explained its reasons for imposing an upward variance, and (b) Hughes's history and characteristics – including his 19 prior fraud convictions or 26 total convictions – justified the extent of this variance. Accordingly, we affirm his 84-month total sentence.

**AFFIRMED.**